Mamie Lichtenheld, Respondent, v. Paul Bersen, as Executor, etc., of Evan S. Webster, Deceased, and William E. Kennedy, Defendants, and Russell Kruppenbacher, Appellant.—Action by plaintiff to recover damages from the defendants, her attorneys, for alleged acts of misconduct in an action to foreclose a mortgage which resulted on the sale in a surplus. The attorneys who began the action and prosecuted it to judgment, anticipating that there would be surplus after the sale, obtained an assignment of a judgment which was a lien subordinate to the mortgage on the premises. This assignment was taken in the name of the plaintiff's attorneys, Webster & Kruppenbacher; and there was a written agreement that whatever sum should be realized upon the sale was to be divided into two parts, one to be paid to the judgment creditor and the other part to the attorneys. This assignment, it was claimed, was taken by the attorneys for the benefit of the plaintiff and not for any personal profit. After the judgment of foreclosure and sale was entered the attorneys for the plaintiff were superseded by defendant Kennedy until after the sale, but apparently without formal substitution. Defendant Kennedy has been held to be entirely blameless in the transaction and was fully exonerated by the dismissal of the complaint as to him. Defendant Webster, who died after the action was commenced and whose executor was substituted as a party, had entire charge of the proceedings in behalf of the firm and no personal blame is attached to the appellant, Kruppenbacher. Webster, acting as attorney for Pierce, the judgment creditor, obtained an order directing the chamberlain to pay the surplus moneys to Pierce or his attorneys, Webster & Kruppenbacher, and apparently they were paid to Pierce. Whether there was division of this surplus between Pierce and Webster & Kruppenbacher was not disclosed by the evidence. Pierce was not called as a witness. The finding of the court was that plaintiff, by virtue of the assignment, was entitled to one-half of the amount of the surplus moneys paid to Pierce; and that the firm of Webster & Kruppenbacher was liable on the theory that they were fiduciaries of the plaintiff and that the surplus moneys constituted a trust fund for which they were bound to account whether they actually received it, or whether they permitted Pierce to collect the full amount in spite of the assignment they held for the benefit of their client. It is said that there are no assets in the estate of Webster; and, therefore, the loss must fall fully on defendant Kruppenbacher. This is unfortunate, but he is answerable for the acts of his partner. The fact that the findings and judgment are not strictly within the allegations of the complaint is not available here for the evidence fixing liability was developed from documentary proof and oral testimony to which the appellant contributed. There was no objection to the course which the trial took; and the motion of plaintiff to conform the pleadings to the proof was without objection by appellant, although decision thereon was reserved. All these facts furnish no reason why the judgment should not be affirmed. (Civ. Prac. Act, §§ 105, 109, subds. 5, 8; *Harriss* v. *Tams*, 258 N. Y. 229, 239; *Helfhat* v. *Whitehouse*, Id. 274, 278; *Marine Trust Co. of Buffalo* v. *Willis*, 240 App. Div. 176, 177.) Appellant's other points do not have merit. Judgment unanimously

affirmed, with costs.   Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.